JOSEPH C. TERRY *vs.* JAMES M. BRIGHTMAN & another.

Bristol. October 27. — 28, 1880. AMES & ENDICOTT, JJ., absent.

Under the St. of 1878, c. 231, § 1, a judge of the Superior Court has no power to report to this court a case heard without a jury, without making any decision in matter of law, or entering of record a finding upon the facts, equivalent to the verdict of a jury, upon which judgment may be rendered.

CONTRACT by Joseph C. Terry against James M. Brightman and William H. Clay, to recover $3600 for the charter of the steamer Border City. Trial in the Superior Court, before *Putnam*, J., who made the following report thereof:

"The case was heard by the court without a jury, and the court found the following facts : The plaintiff was the agent of the owners of said steamer, and on September 6, 1877, as such agent, entered into an indenture with the defendants for the chartering of said steamer, a copy of which indenture is annexed.*　At the time of the making of this indenture, and at the time this action was brought, there were nineteen

---

* " This covenant, made and concluded in Fall River on the sixth day of September 1877, between the owners of the steamer Border City, Joseph C. Terry, agent, of the burthen of one hundred tons or thereabouts, now lying at Fall River, parties of the first part, and W. H. Clay of Port Orange, Florida, and J. M. Brightman of said Fall River, parties of the second part, witnesseth, that the said parties of the first part, in consideration of the covenants and agreements hereinafter mentioned to be performed by the parties of the second part, do covenant and agree on the chartering and letting of said vessel unto the parties of the second part for the term of one year from the time she is fitted and ready for use; and the said parties of the first part agree to keep said vessel in and during said term tight, stanch, well fitted and tackled, and further agree that she shall be ready for use by the fifteenth day of October next. And the parties of the second part, in consideration of the above covenants and agreements, hereby covenant and agree with the parties of the first part to charter and hire said vessel for said term of one year as aforesaid, and to pay therefor the sum of thirty-six hundred dollars in equal monthly payments, three hundred dollars on the last day of each and every month, said sum to be paid to J. C. Terry, agent, at Fall River. And the parties of the second part further agree to make all necessary repairs not otherwise provided for, and to repair all damages caused by the fault, negligence or want of care of the said parties of the second part or their servants, and to provide and furnish said vessel with everything necessary for the voyages during said term, including coal, oil, waste and provisions for the men, and to furnish captain and crew. And said parties of the second part further agree to use said vessel in carrying freight and passengers on the coast of Florida, and for no other purpose or voyage, except with the written consent of the parties of the first part or their agent. And said parties of the second part agree to pay for said vessel, at the rate aforesaid, from the time she is ready for use, whether said time shall be the fifteenth day of October next or some time previous and before said day.

" In witness whereof, we, the above-mentioned parties, hereunto set our hands and seals this fifteenth day of October 1877.

W. H. Clay.　　[Seal.]<br>
J. M. Brightman.　[Seal.]<br>
J. C. Terry.　　[Seal.]'

part·owners of said steamer. The plaintiff was the owner of two thirty-second parts, and the defendant Brightman was the owner of thirteen sixty-fourth parts. The other defendant, Clay, was not an owner. Clay was defaulted; and Brightman alone defended this suit, and contended that, upon the foregoing facts, the plaintiff could not recover in this action in his own name.

" I find upon the facts that the amount which the plaintiff is entitled to recover, if the action can be maintained, is the sum of $1906. And now, by agreement of parties, and before the finding of the court is entered, the case is reported for the determination of the Supreme Judicial Court upon the questions of law arising upon the foregoing facts. If the action can be maintained by the plaintiff, he is entitled to recover the sum of $1906, with interest from the date of the writ, and judgment is to be entered for him for that sum. If the plaintiff is not entitled to maintain this action, judgment is to be entered for the defendant."

*J. M. Morton, Jr. & A. J. Jennings*, for the plaintiff.

*A. N. Lincoln*, for the defendants.

GRAY, C. J. The justices of this court have long had the power of reserving and reporting, at their discretion, at any stage of the case, for the determination of the full court, questions of law arising in any trial or other proceeding, civil or criminal; and this power has been recognized in each revision of the statutes of the Commonwealth. Rev. Sts. *c.* 81, § 26, and note of Commissioners. Gen. Sts. *c.* 112, § 10; *c.* 113, § 15. Shaw, C. J., in *Higbee* v. *Bacon*, 11 Pick. 423, 428, 429.

But the Legislature has never seen fit to entrust so large a power to the judges of any inferior court, who have no share in discharging the burden thus imposed upon the full bench of this court. In criminal cases, the Court of Common Pleas and the Superior Court have been authorized to report, after conviction, and at the desire or with the consent of the defendant, important or doubtful questions of law; but neither of those courts has ever been authorized to report before conviction. St. 1832, *c.* 130, § 5. Rev. Sts. *c.* 138, § 12. Gen. Sts. *c.* 173, § 8. *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 468. *Commonwealth* v. *Byrnes*, 126 Mass. 248. In civil cases, the judges of the Court of Common Pleas had no authority to reserve questions

of law upon report. *Goddard* v. *Perkins*, 9 Gray, 411, 412.
Nor had the judges of the Superior Court of the County of Suf-
folk. St. 1855, *c.* 449. Upon the establishment of the Supe-
rior Court having jurisdiction throughout the Commonwealth,
the judges thereof were authorized to report such questions after
verdict only; and before the St. of 1878, *c.* 231, they had no
power to report questions of law in civil cases tried without a
jury. St. 1859, *c.* 196, § 32. Gen. Sts. *c.* 115, § 6. *Lincoln* v.
*Parsons*, 1 Allen, 388. *Bearce* v. *Bowker*, 115 Mass. 129. *Com-
monwealth* v. *Dowdican's Bail*, 115 Mass. 133.

The St. of 1869, *c.* 438, which empowered the Superior Court,
by consent of the parties to the suit, to report before verdict
questions of law for the determination of this court, and thus for
the first time enabled the judges of a lower court to call for the
advice of the court of ultimate appeal in advance, before per-
forming their own appropriate judicial functions as the court of
original jurisdiction, was found extremely inconvenient in prac-
tice, by the frequent sending up to this court of questions ob-
scurely and imperfectly presented for want of a full trial in the
court below, and which, if the case had been fully tried there,
might have become immaterial to the final result.

The St. of 1878, *c.* 231, has made important changes in the
powers of the judges of the Superior Court in two respects. By
§ 1, it has authorized them, " in any case where the trial is by
the court without a jury, after the finding upon the facts," to
report questions of law arising at the trial for the determination
of this court " in like manner as if a verdict had been rendered."
By § 2, it has repealed the St. of 1869, *c.* 438, and thus taken
away the power of the Superior Court to report before verdict
cases tried by a jury.

This statute clearly manifests the intention of the Legislature
that cases in the Superior Court, whether tried with or without
a jury, should be there decided, both upon the law and upon the
facts, in the first instance, and that a verdict of the jury, or an
equivalent finding of the judge, upon which judgment might be
rendered, should be entered of record, before any question of
law should be reported from that court to this. When the case
is tried by a jury, the presiding judge must instruct them upon
the questions of law applicable to the facts to be determined by

their verdict. When he tries the case without a jury, his finding upon the facts equally necessitates his passing upon the questions of law involved in that finding.

The present case having been reported to this court by the judge presiding in the Superior Court, without making any decision in matter of law, and before entering of record any such finding as is equivalent to the verdict of a jury, the

*Report must be dismissed*