### FREDERICK D. SHATTUCK *vs.* ABEL P. ADAMS.

Worcester.    October 4. — 22, 1883.    FIELD & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 153, § 6, a judge of the Superior Court, who has ordered judgment for the penal sum of a bond, may report the case for the determination of this court, without awarding the damages for which execution is to issue; but, on such a report, the only question open is whether there has been a breach of the bond.

If the condition of a bond is that the obligor will, on demand, pay a debt of the obligee to a third person, and will indemnify and save the obligee harmless for the amount of the debt, the condition is broken on the refusal of the obligor to pay the debt, on demand by the obligee, and an action may be maintained upon the bond, although the creditor has made no demand for payment of the debt.

If, after suit brought upon a bond, the obligor performs the condition of the bond, the plaintiff is entitled to judgment for nominal damages.

If the condition of a bond is that the obligor shall, upon demand, pay a debt of the obligee to a third person, the condition is broken if the obligor fails, upon demand by the obligee, to pay the debt; and the fact that the obligor has given a guaranty to the creditor is immaterial.

A. gave a promissory note to a savings bank, signed by himself as principal and by B. as surety. For the security of B., A. gave him a mortgage of personal

property. Subsequently, A. sold the property to C., subject to the mortgage; and C. executed a bond to A., which contained the condition that C. should pay the note to the bank, and should hold A. and B. harmless thereon. *Held,* in an action on the bond brought for the benefit of B., that if B. without right took possession of the property, or subsequently foreclosed his mortgage, there was no failure of the consideration of the bond.

CONTRACT, for the benefit of Louis Phelps and Asa S. Lawton, on a bond, dated November 1, 1877, in the penal sum of $5000, executed by the defendant to the plaintiff. Trial in the Superior Court, without a jury, before *Staples*, J., who ordered judgment for the plaintiff for the penal sum of the bond; and reported the case for the determination of this court. The facts appear in the opinion.

*E. P. Loring*, for the defendant.

*H. C. Hartwell*, (*S. Haynes* with him,) for the plaintiff.

MORTON, C. J. The defendant contends that this court has no jurisdiction in this case, because the question as to the sum for which execution shall be awarded has not been adjudicated, but is pending in the Superior Court. The case was before this court at October term 1881, upon a report which was discharged, under the authority of *Terry* v. *Brightman*, 129 Mass. 535, because it merely stated evidence and facts, and there was no decision of the court in matter of law, and no finding of the court upon the facts equivalent to a verdict of a jury. In the case as now presented, this objection does not exist, as the Superior Court did make a finding and decision. It found for the plaintiff, and ordered judgment for the penal sum of the bond.

After such finding and decision, the court had the power to report the case, before proceeding to ascertain the sum for which execution should be awarded, under the Pub. Sts. *c.* 153, § 6, which provides that the court, at any time before judgment in a civil action, " after verdict or decision by the court, may report the case for determination by the Supreme Judicial Court."

The case, however, illustrates the inconvenience of reporting a case before it is fully and finally adjudicated, because upon this report the only question within our jurisdiction is whether there has been any breach of the bond declared on. If there has been, the judgment for the penal sum must stand, and we cannot consider any questions as to the amount of the defendant's liability.

The bond in suit was given in consideration of the sale by the plaintiff to the defendant of the stock of a livery stable, which was subject to two mortgages to Louis Phelps and Asa S. Lawton. The condition is, that the defendant " shall well and truly pay or cause to be paid upon demand the sum of $3267.80 of the principal sum now due on a certain note given by said Shattuck as principal, and Louis Phelps and Asa S. Lawton as sureties, to the Worcester North Savings Institution for $3500, payable on demand, dated November 28, 1876, and interest hereafter accruing on said sum of $3267.80 from this date," and " well and truly indemnify and save said Shattuck as principal, and said Phelps and Lawton as sureties, harmless for the amount of $3267.80 of the principal sum due on said note, and interest hereafter accruing on the amount of $3267.80."

The obligation of the defendant is not merely to indemnify and save harmless the obligee and his sureties on the note to the savings institution. The bond contains a distinct promise to pay upon demand the sum of $3267.80 of the principal of said note, and to pay the interest on said sum accruing after the date of the bond. As is stated by Chief Justice Gray, " It is well settled that, when the defendant promises to pay a certain debt due from the plaintiff to a third person, the effect of this promise is not restricted, either as to the form of pleading, the rules of evidence, or the measure of damages, by the fact that the defendant by his agreement further promises to indemnify the plaintiff and save him harmless." *Locke* v. *Homer*, 131 Mass. 93, 109.

The promise of the defendant to pay the interest accruing after the date of the bond, is an absolute promise. It was his duty to pay the interest as it accrued without any demand. The facts show that at the date of the writ he had neglected to pay two semiannual instalments of interest. This of itself was a breach of the condition of the bond, and the fact that the defendant, after suit brought, paid this interest, might affect the measure of damages, but would not cure the breach, for which the plaintiff would be entitled to a judgment for the penal sum, with nominal damages.

But it further appears that, before this suit was brought, the plaintiff demanded of the defendant that he should pay the sum stipulated in the bond towards the note held by the savings

institution. The defendant's promise that he would pay, or cause to be paid, upon demand, the said sum, means upon demand by the obligee of the bond, to whom the promise was made. Any other construction would take it out of the power of the plaintiff to call upon the defendant to pay the note to the savings institution, and thus would leave him and his sureties exposed to liability for an indefinite time, not within his control. Such could not have been the intention of the parties. The refusal of the defendant to pay the sum stipulated, upon the demand of the plaintiff, was therefore a breach of the bond, which entitles the plaintiff to judgment for the penal sum. The fact that the defendant signed a guaranty to the savings institution, at the same time that he executed the bond, is immaterial; it was intended merely as additional security, and not to supersede or control the bond.

The defendant contends that the plaintiff is not entitled to judgment, because, on the day this writ was brought, Phelps and Lawton took possession of the mortgaged property, which taking possession, as the report states, "appears to have been without lawful right." His claim is, that this shows a failure of the consideration of the bond. The report upon this point is very meagre; but it does not show that Phelps and Lawton took possession under any claim of a title paramount to that of the plaintiff. If, as appears to be the fair inference, they claimed as mortgagees, and, under some mistake as to their rights, took possession "without lawful right," they might be responsible for the trespass, but it would not show a failure of the consideration of the bond. What effect this act and the subsequent acts of Phelps and Lawton in the foreclosure of their mortgages ought to have upon the question of the damages for which execution should be awarded, we are not entitled to consider upon this report. The finding of the Superior Court that there was no failure of consideration is not shown to have been wrong.

Upon the whole case, we are of opinion that the Superior Court rightly entered judgment for the penal sum of the bond.

*Judgment to stand.*