COMMONWEALTH *vs.* JOHN J. TEEVENS & others.

Suffolk.    March 2. — May 8, 1886.    W. ALLEN & HOLMES, JJ., absent.

The Pub. Sts. *c.* 153, § 6, providing that the Superior Court, "after verdict or decision by the court, may report the case for determination by" this court, do not authorize the Superior Court, after making a formal finding against the defendants, in an action upon a recognizance given in a criminal case, "that the penalty is adjudged to be forfeited," to report the case to this court.

MORTON, C. J.    The provision of the Pub. Sts. *c.* 153, § 6, that the Superior Court, "after verdict or decision by the court, may report the case for determination by the Supreme Judicial Court," does not confer upon the Superior Court the power to report questions of law arising upon any interlocutory findings or judgments of the jury or the court, but only to report the whole case after that court has performed its proper judicial functions, and the case is fully tried, and is ripe for judgment.    As stated in *Terry* v. *Brightman,* 129 Mass. 535, the intention of the Legislature was, "that cases in the Superior Court, whether tried with or without a jury, should be there decided, both upon the law and upon the facts, in the first instance, and that a verdict of the jury, or an equivalent finding of the judge, upon which judgment might be rendered, should be entered of record, before any question of law should be reported from that court to this." See also *Boyce* v. *Wheeler,* 133 Mass. 554, and cases cited.

The case before us is a suit upon a recognizance in a criminal case.    It was tried by the court without a jury, and the court " made a formal finding against the defendants that the penalty is adjudged to be forfeited ; " and thereupon reported the case to this court.

We are of opinion that the case could not properly be reported until after the court had heard and determined the question of the amount for which judgment should be entered.    Until that is done, the finding is interlocutory, the case is not ripe for judgment, and this court cannot order any judgment to be entered, but can merely express an opinion upon the question whether there has been any breach of the recognizance.

The statutes provide that, in suits upon recognizances, after the penalty is adjudged forfeited, the court may render judgment

for the whole of the penalty, or for any part thereof, according to the circumstances of the case and the situation of the parties, and upon such terms and conditions as it deems reasonable. Pub. Sts. *c.* 212, § 62. The Superior Court may render judgment for a merely nominal sum, in which case there would be no occasion for the defendant to bring any question of law to this court by exceptions or report.

The case of a suit upon a bond is different, because, in such a suit, the court may enter a final judgment for the penalty of the bond, upon which judgment an execution, or, in some cases, successive executions, may be issued by subsequent independent proceedings. Pub. Sts. *c.* 171, §§ 9–12. This case is thus distinguished from the case of *Shattuck* v. *Adams*, 136 Mass. 34.

*Report discharged.*

*J. A. McGeough*, for the defendants.

*E. J. Sherman*, Attorney-General, for the Commonwealth.