### COMMONWEALTH *vs.* FRED L. BLINN.

Essex.   November 4, 1914. — November 25, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Criminal,* Report, Appeal.   *Superior Court.*

The only authority of a judge of the Superior Court to report a question of law
in a criminal case to this court for determination is derived from R. L. c. 219,
§ 34, which provides for such a report only where the defendant has been
convicted.

An appeal from the denial by a judge of the Superior Court of a motion to quash
an indictment cannot be brought before this court by a report of the pre-
siding judge before the defendant has been convicted.

Neither St. 1900, c. 311, nor R. L. c. 173, § 105, which in substance incorporates
it, authorizing a judge of the Superior Court to report an interlocutory order
made by him for determination by this court, applies to criminal cases.

INDICTMENT, found and returned in the Superior Court on
April 17, 1914, under St. 1911, c. 456, for alleged failure to sup-
port and maintain the defendant's wife and for deserting her
without just cause.

At the trial before *Bell,* J., the defendant moved to quash the
indictment on the grounds, first, that the alleged offense was not
the subject of indictment, and, second, that proceedings for the
alleged offense could be prosecuted only upon a complaint in the
municipal, district, police or trial justice's court of the district
in which the defendant or his wife or either of them was living
or in which they last lived together.

The judge denied the motion, and the defendant appealed;
whereupon the judge, being "of opinion that the question raised
by the above appeal ought to be determined by the full court
before any further proceedings in the trial court," reported the
case for such determination.

*H. J. Cole,* for the defendant.

*J. J. Burke,* Assistant District Attorney, for the Common-
wealth.

HAMMOND, J.   This is an appeal from a decision of a judge of
the Superior Court denying the defendant's motion to quash the

indictment. The case comes to us upon the statement of the judge that he is "of opinion that the question raised by the . . . appeal ought to be determined by the full court before any further proceedings in the trial court," and that he therefore reports the case for that purpose.

The appeal is prematurely entered in this court and cannot now be considered by us. Neither R. L. c. 173, § 105, nor St. 1900, c. 311, applies to criminal cases. The only authority of a judge of the Superior Court to report a question of law to this court in a criminal case is derived from R. L. c. 219, § 34. *Commonwealth* v. *Burton,* 183 Mass. 461, 473. *Commonwealth* v. *Intoxicating Liquors,* 105 Mass. 468. Since there has been no conviction the report is not warranted by this statute.

*Report discharged.*