RIVERBANK IMPROVEMENT COMPANY *vs.* EDWIN CHAPMAN
& another, trustees, & others.
SAME *vs.* SARAH A. CHADWICK & another, trustees, & others.

Suffolk.   March 27, 28, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Land Court.   Practice, Civil,* Report by judge.

Under R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1, a judge of the Land
Court has no power to report questions of law for determination by this court
until the case reported is ripe for the entry of a final decree in the Land Court.
Following the rule in *Welsh, petitioner,* 175 Mass. 68.

RUGG, C. J.   One of these cases is a petition for the registra-
tion of the title to certain land in Boston free from restrictions
imposed in an agreement and deeds which appear of record to
incumber the title, on the ground that such restrictions are not now
valid and enforceable by reason of changes in the neighborhood.

The other case, for the registration of the title to other land
subject of record to the same or similar restrictions, is a petition
founded on the jurisdiction sought to be conferred upon the Land
Court by St. 1915, c. 112.

Numerous questions of law involving the right of several persons
to be heard as parties, the extent of territory subject to the re-
strictions, the construction of divers agreements and deeds, the
right to amend the first petition into one under St. 1915, c. 112,
and the constitutionality of the latter statute, have been heard
and decided by the Land Court.   But there has been no hearing
on the merits.

So far as any of these questions goes to the merits of the cases
they have been determined in favor of the petitioners, so that
according to the rulings of the Land Court there must be further
hearings on evidence, involving perhaps further important rulings
upon questions of law, before that court will be ready to render
a final decision or to enter a final decree.

The judge of the Land Court * has attempted to report for the

* *Davis,* J.  The judge at first refused a request of all the parties to report
the questions raised, basing his refusal on *Welsh, petitioner,* 175 Mass. 68, but

determination of this court these numerous questions of law be-
fore proceeding to a hearing on the merits.

A preliminary inquiry is whether the Land Court has power to
make a report under these circumstances. The Land Court is
a statutory court, not of general but of strictly limited juris-
diction. R. L. c. 128, § 1, as amended by St. 1904, c. 448, § 1,
and St. 1910, c. 560, § 3.

While the power to report to the full court questions of law
arising at any stage of a case long has been exercised by justices
of this court (which has been recognized by statute), that power
exists in other courts only to the extent conferred by the express
terms of the statutes. *Terry* v. *Brightman,* 129 Mass. 535, 537.
*John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257.
*Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74.

Authority is conferred upon the Land Court by St. 1904, c. 448,
§ 8; R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1, in these
words: "Questions of law arising . . . on any decision or decree
may be taken by any party . . . directly to the Supreme Judicial
Court for revision in the same manner in which questions of law
are taken to that court from the Superior Court. The Land Court,
after any decision or decree dependent upon questions of law, may
report such decision or decree, with so much of the case as is
necessary for understanding such questions of law, for the deter-
mination of the Supreme Judicial Court." These statutory words
are the same as those in St. 1898, c. 562, § 14, and St. 1899, c. 131,
§ 2. It was said, respecting the extent of the power of the Land
Court to report under those acts, by Chief Justice Holmes, in *Welsh,
petitioner,* 175 Mass. 68, 70: "It seems to us enough if the case
is ripe for judgment or decree and the report shows that a decree
would be entered were it not for the question of law, and provides
for a decree when the doubt upon that question is resolved. Under
such circumstances the actual entry of the decree before sending
the case up is a pure form. . . . We agree that what we have
pronounced sufficient is the least that will do, and that a question
cannot be reported when it does not appear that an order or decree
will follow the decision as a consequence." It is manifest that
under the test thus established the present cases are far from the

later decided to make the report as being in the interest of justice within the
decision of *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257.

stage where they are ready for a report. If every ruling and decision made by the Land Court should be held to have been right, no order or decree would follow as a consequence, but only a hearing on the merits, the finding on which might render all these questions of law wholly immaterial to the final decision of the cases. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545.

The statute does not confer upon the Land Court the same power to report that has been granted to the Superior Court by R. L. c. 159, §§ 27, 29, and by c. 173, § 105, as amended by St. 1910, c. 555, § 5. The circumstance that by the latter act the power of the Superior Court to report to the full court was enlarged, while by St. 1910, c. 560, approved three days later, that of the Land Court was re-enacted in its old words without enlargement, is strong proof that there was intended by the Legislature no change from the powers held to have been possessed by the Land Court by *Welsh, petitioner, ubi supra*. *Welch* v. *Boston*, 211 Mass. 178, 185.

In this connection the fact that when the Welsh case was decided there was a general right of appeal from the Land Court to the Superior Court, which court might have reported such questions of law as here are raised to the full court, a general right of appeal which no longer exists, is irrelevant. It remains true that the power of the Land Court to report is the same and has not been enlarged.

Nor is it of consequence that the jurisdiction of the Land Court is assailed in one case and the constitutionality of St. 1915, c. 112, is attacked in the other. The Land Court, having decided both those questions in such way that the cases are not ripe for judgment, has no power to report until they are ready for final disposition. See *Weil* v. *Boston Elevated Railway*, 216 Mass. 545, 549, 550.

The inevitable conclusion is that the Land Court has no power to report questions of law such as are disclosed on this record, which relate to purely interlocutory matters.

*Report dismissed.*

*B. Corneau*, (*F. King* with him,) for the petitioner.

*A. L. Taylor*, for the trustees under the will of John N. Ladensack and for the trustees under the will of Henry N. Chadwick.

*J. D. Graham*, for the respondents Eugene B. Hagar and Anna H. Stone.

*P. N. Jones,* for the respondent Fannie E. Hurlburt.

*Lee M. Friedman,* for the respondent Congregation Adath Israel.

*F. W. Bacon,* for the respondents Mary E. Holden and T. C. Hollander.