COMMONWEALTH *vs.* LAWRENCE P. CRONIN.

Suffolk. March 23, 1923. — May 23, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Jurisdiction. Supreme Judicial Court. Superior Court. Practice, Criminal, Report.*

The authority of a judge of the Superior Court to report questions of law for the decision of the full court is wholly the creature of statute.

The power to report conferred on the Superior Court by G. L. c. 231, § 111, and the statutes of which it is the present form, relates to civil cases alone.

The Supreme Judicial Court has no jurisdiction to decide an interlocutory question arising in a criminal prosecution until the case shall have been finally disposed of by conviction in the Superior Court.

THREE INDICTMENTS, found and returned on November 14, 1922, charging the defendant with assault with intent to commit rape, with assault with intent to steal and with assault with a pistol.

Trial of the indictments together was begun before *Dubuque,* J. In the midst of the trial, the judge withdrew the cases from the jury because of certain remarks made by counsel for the defendant. The cases thereafter came on for trial before *J. F. Brown,* J., when the defendant filed pleas in bar, pleas to the jurisdiction and pleas of *autrefois acquit.* The trial judge withdrew the cases from the jury and reported them to this court with the following statements:

" I am of opinion that another trial will consume from one to .two weeks with greater additional expense to the county and the defendant than was occasioned by the first trial. There would be occasioned by a new trial a needless and fruitless waste of money and time if my ruling is incorrect.

" Being of opinion that the questions raised by the defendant's plea to the jurisdiction and his pleas in bar are of sufficient importance to be determined by the Supreme Judicial Court, the defendant consenting, I now report the case for the determination of that court.

" I am further of the opinion that under the circumstances of this particular case, that the ends of justice as well as the public interest require determination by the full court. of the question of law involved before I order these cases to trial."

*J. F. Barry,* (*D. T. O'Connell* with him,) for the defendant.

*H. P. Fielding,* (Assistant District Attorney with him,) for the Commonwealth.

RUGG, C.J. The authority of a judge of the Superior Court to report questions of law for the decision of the full court is wholly the creature of statute. *Bearce* v. *Bowker,* 115 Mass. 129. *Churchill* v. *Palmer,* 115 Mass. 310. *Noble* v. *Boston,* 111 Mass. 485. *Golden* v. *Knowles,* 120 Mass. 336. *Russell* v. *Lathrop,* 119 Mass. 531. *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259. *Riverbank Improvement Co.* v. *Chapman,* 224 Mass. 424, 425. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519. *Walters* v. *Jackson & Newton Co.* 231 Mass. 247. *Porter* v. *Boston*

*Storage Warehouse Co.* 238 Mass. 298. "The trend of all our decisions has been to confine the power of reporting cases and the scope of the authority of this court in dealing with reports, strictly to the language of the statute." *Smith* v. *Lincoln*, 198 Mass. 388, 392, and cases there collected.

The power to report conferred on the Superior Court by G. L. c. 231, § 111, and the preceding statutes of which it is the present form, relates to civil cases alone. The only right to report in criminal cases is found in G. L. c. 278, § 30, and is expressly confined to instances where a person has been convicted. This court has no jurisdiction to decide an interlocutory question arising in a criminal prosecution until the case shall have been finally disposed of by conviction in the Superior Court. *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 468. *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133. *Terry* v. *Brightman*, 129 Mass. 535, 537. *Commonwealth* v. *Burton*, 183 Mass. 461, 473, 474. *Commonwealth* v. *Blinn*, 219 Mass. 386. *Commonwealth* v. *Teevens*, 141 Mass. 577. *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543.

All this has been so often decided as to made discussion superfluous. The case of *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31, is no authority to the contrary. The ground upon which the decision there was put was decisive of the merits of the entire controversy. In such cases where the ultimate result would be the same, "there seems to be no objection to stating the grounds of substantive law which seem to us to support the result." *Browne* v. *Turner*, 176 Mass. 9, 12. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 409, 410. *Knights* v. *Treasurer & Receiver General*, 237 Mass. 493. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. *McMillan* v. *Gloucester*, 244 Mass. 150.

*Report dismissed.*