Henchey, J.
In this action of tort the plaintiff seeks damages for personal injuries, sustained while in the defendant’s store and caused by a fall on a stairway, which the plaintiff claims was in a defective condition because of the defendant’s negligence. The defendant’s answer contained the usual general denial and plea of contributory negligence.
The trial judge made certain “findings of fact,” found for the plaintiff, and assessed damages in the sum of $250.00.
*310 At the trial, the judge excluded, upon the defendant’s objection, evidence as to the fair value of the plaintiff’s services for a day. The plaintiff offered to prove that the fair value of such services was $5.00 to $6.00 per day.
The case comes before us upon being reported by the trial judge “for determination as to whether the evidence above referred to (i. e., as to fair value of services) was properly excluded, and whether on the foregoing evidence and findings of fact, which are all the material facts in the case, a finding for the plaintiff was warranted.”
Before we can proceed to the questions of substantive law which lie before us, we must first determine whether the case is properly before us and to what extent.
It has been held by our Supreme Judicial Court that, except as to the Superior Court, the power in the court itself, to report questions of law exists only to the extent conferred by the express terms of the statutes creating them. Riverbank Improvement Co. vs. Chapman et al, trs., 224 Mass. 424.
When the Appellate Division of the District Courts was first created, (Chapter 649 of the Acts of 1912), it was generally agreed, because there was no express provision for it in the statute, that the justices of the district courts had no power to report cases to the Appellate Division on their own volition. Remedial legislation was enacted in 1931 in Chapter 325 of the Acts of 1931. The title to this act is very significant: “An Act authorizing reports to the appellate division of the district courts at the instance of the justices thereof.”
Whatever authority exists in our law for reports by trial justices must be found within the wording of this statute. The wording is significant. “A single justice may, after *311 decision thereon, report for determination by the appellate division any case in which there is an agreed statement of facts, or a finding of facts or any other case involving questions of law only. There was no agreed statement of facts in the instant case. We assume that the case comes within that part of the statute which allows a report after a decision on a finding of facts. This must mean that our inquiry is limited to the question of law: Is a finding for the plaintiff warranted as matter of law on the facts as found by the trial judge? It is not our function to review the conflicting evidence upon which those findings of fact were based. Loanes vs. Gast, 216 Mass. 197. The weight to be given to the evidence was for the trier of the facts. McGaffegan vs. Kennedy, 302 Mass. 12.
In passing let us dismiss from our consideration the question of law intended to be raised as to the admissibility of certain evidence relating to the fair value of the plaintiff’s services. The statute makes no provision for reporting such questions. In Kroch vs. Consolidated Mines & Power Co., 286 Mass. 177, our Supreme Court held that questions of admissibility of evidence were not such questions as could be reported under Gen. Laws, Chapter 231, Section 108.
Let us now review the findings of fact: the plaintiff fell on the stairway of the defendant’s store on April 16, 1940; the fall was caused by her slipping on the top step of the stairway leading to the basement. The cause of her slipping was that the lip or edge of said top step was worn, smooth, rounded; on the day of the accident the steps were wet, caused by rain outside which was tracked into the store by customers and the combination of the worn edge, its smoothness and the wetness caused the *312 plaintiff to fall. The appearance of the steps indicates, (the trial judge took a view of the premises) that the worn condition had existed for a time prior to the accident, sufficient to put the defendant on notice of its defective condition. “And on all the evidence I find that the plaintiff was in the exercise of due care and that the defendant was negligent. ’ ’
It was not disputed that the plaintiff was properly upon the defendant’s premises as a customer. Accordingly, there was a duty on the defendant to exercise proper care to keep the premises in a reasonably safe condition for her use, or at least to warn her against any dangers attendant upon such use that were not known to her or obvious to an ordinarily intelligent person, and either were known or, in the exercise of reasonable care, should have been known to the defendant. Lord vs. Lowell Institution For Savings, Mass. Adv. Sh., (1939) 1631, and cases there cited. According to the findings, the plaintiff fell on a step which was worn, smooth and rounded, and this condition existed for some time prior to the accident. This evidence was sufficient to establish a defective condition of the premises and the defendant’s breach of its duty to the plaintiff. Marquis vs. John Nesmith Real Estate Co., 300 Mass. 203.
The fact that the step on the day of the accident was wet, in addition to being worn, smooth and rounded, and that this combination caused the plaintiff to fall, does not alter our opinion as to the correctness of the trial judge’s finding for the plaintiff. The trial judge viewed the premises. He could well find that the wetness of the step was an added, element of danger and not the sole cause of the plaintiff’s fall. While we are all familiar with the rule that the plaintiff must show by evidence a greater likelihood that *313 her injury came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable, (Bigwood vs. Boston & Northern Street Railway, 209 Mass. 345; Walker vs. Benz-Kid Co., 279 Mass. 533), we are not convinced that the instant case is one in which this rule is applicable.
Report dismissed.