COMMONWEALTH *vs.* CLIFFORD BIGWOOD.

Suffolk.    February 6, 1956. — April 9, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Defective Delinquent.   Constitutional Law,* Trial by jury, Equal protection
of laws.

The provision in G. L. (Ter. Ed.) c. 123, § 113, as appearing in St. 1954,
c. 685, that commitment as a defective delinquent "shall be a final
disposition of any criminal offence charged" does not mean that the
commitment is a sentence for such offence but rather that the pro-
ceeding for such offence is dismissed. [49]
The Superior Court on appeal from a commitment of one as a defective
delinquent under G. L. (Ter. Ed.) c. 123, § 113, as appearing in St.
1952, c. 608, § 1, had jurisdiction of the case even if at the time it
acted, by reason of changes made in § 113 by St. 1954, c. 685, an
application for commitment could not have been made in connection
with a complaint for the offence with which he was originally charged.
[49]
The provisions of G. L. (Ter. Ed.) c. 123, § 113, as appearing in St. 1954,
c. 685, respecting the commitment of one as a defective delinquent
do not deprive him of a right to trial by jury or the equal protection
of the laws. [50]

COMPLAINT, received and sworn to in Boston Juvenile
Court on November 10, 1953.

Proceedings on an application for commitment of the
defendant as a defective delinquent in the Boston Juvenile
Court and in the Superior Court before *Higgins,* C.J., on
appeal are described in the opinion.

*Joseph J. Balliro,* for the defendant.

*Joseph A. Melley,* Assistant District Attorney, for the
Commonwealth.

QUA, C.J.   This case comes to us upon report, purport-
edly under G. L. (Ter. Ed.) c. 278, § 30, of the late chief
justice of the Superior Court, after detailed findings by him
to the effect that the defendant is a defective delinquent,

an order that he be committed to the department for defective delinquents at Bridgewater, and a stay of further proceedings. In view of the requirement of § 30 that the defendant must have been "convicted," and in view of what we shall say presently, we incline to the opinion that the case is not properly here by report. *Commonwealth v. Cronin,* 245 Mass. 163. But as the practical result will be the same we think it proper to discuss the case on the merits.

The proceeding started in the Boston Juvenile Court with a complaint against the defendant charging him with the offence of "contributing to the delinquency of a child, under the age of seventeen." G. L. (Ter. Ed.) c. 119, § 63, as appearing in St. 1932, c. 95, § 1. The definition of a delinquent child appears in G. L. (Ter. Ed.) c. 119, § 52, as amended by St. 1948, c. 310, § 3. On November 13, 1953, the Juvenile Court, after a trial, found the defendant guilty, but imposed no sentence, and later on February 15, 1954, continued the case generally. In the meantime, on December 4, 1953, a probation officer of that court applied therein for a commitment of the defendant to a department for defective delinquents in accordance with G. L. (Ter. Ed.) c. 123, § 113, as then appearing in St. 1952, c. 608, § 1. On February 15, 1954, after commitment for observation, after the return of a sworn medical certificate that the defendant was mentally defective and ought to be committed to a department for defective delinquents, and after hearing, the court found that the defendant was "a suitable subject for the Department of Defective Delinquents" and ordered him committed accordingly. The defendant appealed from the order of commitment to the Superior Court. So far as appears no attempt was made to appeal from the finding of guilty, and it would seem that in the absence of a sentence there could have been no such appeal. G. L. (Ter. Ed.) c. 218, § 59, as most recently amended by St. 1948, c. 248, § 1; c. 278, § 18. *Renado v. Lummus,* 205 Mass. 155. The Superior Court, after hearing without jury, on January 28, 1955, made express findings of the facts necessary to be

shown for commitment of a defective delinquent[1] and ordered the defendant committed as such.

Before the order of the Superior Court St. 1954, c. 685, had gone into effect. This statute made changes in G. L. (Ter. Ed.) c. 123, § 113, as appearing in the statute of 1952, principally in the description of the crimes with which a person must be charged in court before application can be made for his commitment as a defective delinquent. The category of such offences was limited to those more likely to affect the public safety, but no change was made in the detailed definition of what must be established to show a person to be a defective delinquent. Both statutes contain the provision that commitment as a defective delinquent "shall be a final disposition of any criminal offence charged" and both contain provisions for appeal to the Superior Court from an order of commitment as a defective delinquent and for the framing of jury issues there "if the appellant so requests." Both provide that pending such appeal the appellant shall be held in a defective delinquent department "to abide the final order of the court." . Both also provide that if after observation and examination the person is found not to be mentally defective he shall be returned to the court from which he was committed for observation "for a different disposition of the case."

This § 113 of c. 123 in both forms is part of a long chapter entitled "Commitment and Care of the Insane and Other Mental Defectives" which deals extensively with various forms of insanity and mental deficiency. A defective delinquent is simply one kind of person of impaired mentality who needs confinement in an institution adapted to his condition. The place of § 113 in our statutory system was illuminated with ample citation of authority in *Dubois, petitioner,* 331 Mass. 575. We think it sufficient to add now

---

[1] These facts are set forth in G. L. (Ter. Ed.) c. 123, § 113, as follows: "that such person has shown himself to be dangerous or shows a tendency toward becoming such, that such tendency is or may become a menace to the public and that such person is not a proper subject for the school for the feeble minded or commitment as an insane person." No finding that any crime has been committed is necessary.

that in our opinion one effect of charging the defendant with a crime under this section is to furnish the occasion for bringing up in court the issue of his mental condition. The provision that his commitment as a defective delinquent "shall be a final disposition of any criminal offence charged" does not mean that his commitment is a sentence for an offence. Rather it means that the complaint for the offence is dismissed. It would be strange indeed if commitment for an indefinite time for any form of mental deficiency should be a punishment for crime.

It follows that the criminal complaint against the defendant was finally disposed of when he was committed by the Superior Court as a defective delinquent. That court had jurisdiction over that matter even if at the time the court acted, because of the change in the statute, an application for commitment could not have been made upon a complaint for the offence with which the defendant was originally charged. *MacLennan* v. *MacLennan*, 311 Mass. 709, 712. See *Sawyer* v. *Northfield*, 7 Cush. 490, 494–495; *Wilson* v. *Head*, 184 Mass. 515, 517, and cases cited; *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537, 541. Compare *Pittsley* v. *David*, 298 Mass. 552, 555–556. It would seem that if the Superior Court on his appeal had found him not to be a defective delinquent he could have been returned to the Juvenile Court and there sentenced for the offence charged against him on the finding previously made in that court. But this case does not require a decision on that point.

So far as appears from the defendant's brief his only grievance is that he was deprived of a trial by jury. The record does not bear this out. In so far as the original criminal charge against him is concerned, he was not entitled to a jury trial in the Juvenile Court. If he had been finally convicted in that court he could have appealed and could have had a jury trial on the criminal charge in the Superior Court. But he was not convicted of the criminal charge. The finding of guilty was only a finding of fact

that he had done what was charged. There was no sentence and no judgment. There is no criminal record against him. In our interpretation of § 113, which we believe to be right, the criminal complaint against him has been dismissed. He was ordered committed as mentally defective and potentially dangerous to society. From that he appealed. Under the statute he even had a right to a jury trial in the Superior Court on issues framed on the question of his mental deficiency. It cannot be successfully contended that this would not have been a trial by jury. Trial by jury is often had on issues framed. See, for example, G. L. (Ter. Ed.) c. 231, § 124; *Wallace* v. *Ludwig*, 292 Mass. 251, 259. The issues must be correctly framed and their form is subject to review by this court. *Burgess* v. *Giovannucci*, 314 Mass. 252, 255–256. *Patterson* v. *Barnes*, 317 Mass. 721, 724–725. The statute provides that a jury issue or issues shall be framed, "if the appellant so requests." There is nothing in the record to show that this defendant made such request. On the contrary it appears that he waived his right to a jury in writing. *Commonwealth* v. *Rowe*, 257 Mass. 172. There is nothing to suggest that he made this waiver without full understanding or that he was not advised to make it by competent counsel. He was not deprived of his right to a jury trial in the manner provided by the statute, or by the provisions of the Constitution if those provisions apply to an issue of mental deficiency, which we certainly do not intimate. Neither has there been any violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Section 113 applies alike to all persons in the same category, that is to say, persons accused of certain specified crimes who after a full hearing are found to be defective delinquents under a statutory definition that does not involve a finding of guilt of any crime.

Since there has been no conviction of the defendant as required for a report by G. L. (Ter. Ed.) c. 278, § 30, the rescript will be

*Report dismissed.*