TERRENCE H. CASSIDY *vs.* COMMISSIONER OF ENVIRONMENTAL MANAGEMENT & others (and a companion case). April 6, 1979. The plaintiffs, owners of farms in Millis, brought two actions pursuant to the fifth paragraph of G. L. c. 131, § 40A (inserted by St. 1972, c. 782), to determine whether an order regulating the use of inland wetlands in Millis, which was issued by the defendant Commissioner of Environmental Management (commissioner) under authority granted by § 40A and which the defendant selectmen of Millis voted to approve, so restricts the plaintiffs' use of their properties as to constitute the equivalent of a taking without compensation. The two cases were consolidated. A judge of the Superior Court allowed the plaintiffs' motions for preliminary injunctions enjoining the defendants from enforcing the order issued by the defendant commissioner. Pursuant to the first paragraph of G. L. c. 231, § 118 (inserted by St. 1973, c. 1114, § 202), the commissioner petitioned a single justice of the Appeals Court for relief from the preliminary injunctions. The single justice denied relief without prejudice but invited the parties to submit all issues involved in the case to a panel of the Appeals Court by way of a report under Rule 2:01 of the Appeals Court, as amended, 3 Mass. App. Ct. 805 (1975). Each side submitted to the single justice a suggested list of questions to be reserved and reported by him; the parties also submitted an "Agreed Statement of Facts" which they stipulated "shall constitute the statement of material facts for purposes of the Appeals Court's determination of reported issues." The single justice reserved and reported eight questions.

Generally a single justice of this court may report a case to the full Appeals Court in the same circumstances in which a single justice of the Supreme Judicial Court may report a case to the full bench of the Supreme Judicial Court. Rule 2:01 of the Appeals Court, as amended. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 468 (1975). *Westinghouse Elec. Supply Co.* v. *Healy Corp.,* 5 Mass. App. Ct. 43, 46-47 (1977). But see *Fadden* v. *Commonwealth,* 376 Mass. 604,

608 (1978), discussing the broad authority conferred upon single justices of the Supreme Judicial Court as a result of that court's exclusive power of general superintendence. We therefore look to G. L. c. 211, § 6 (see *Terry* v. *Brightman*, 129 Mass. 535, 537 [1880]; *Riverbank Improvement Co.* v. *Chapman*, 224 Mass. 424, 425 [1916]; *Liggett Drug Co.* v. *License Commrs. of No. Adams*, 296 Mass. 41, 44 [1936]), and G. L. c. 231, § 112 (inserted by St. 1973, c. 1114, § 200), to determine whether the report is properly before us. Rule 64 of the Massachusetts Rules of Civil Procedure, 365 Mass. 831-832 (1974), does not contain any additional authority to report a case not set forth in G. L. c. 211, § 6, or G. L. c. 231, § 112; the new rules are not to be "construed to extend or limit the jurisdiction of the courts." Mass.R.Civ.P. 82, 365 Mass. 843 (1974). *Wood* v. *Wood*, 369 Mass. 665, 668 (1976).

Neither G. L. c. 211, § 6, nor G. L. c. 231, § 112, empowers a single justice to report to the full court matters which are not before him for decision but are before some other Justice. See *Phillips* v. *Soule*, 6 Allen 150, 151 (1863); *Newburyport Inst. for Sav.* v. *Coffin*, 189 Mass. 74, 75 (1905); *Berenson* v. *London & Lancashire Fire Ins. Co.*, 201 Mass. 172, 173 (1909); *John Gilbert Jr. Co.* v. *C.M. Fauci Co.*, 309 Mass. 271, 273 (1941); *Bendslev* v. *Commissioner of Pub. Safety*, 328 Mass. 443, 444-445 (1952); *Plante* v. *Louro*, 345 Mass. 456, 458 (1963). The questions which the single justice has attempted to reserve and report do not arise from any opinion, direction, order, or refusal of his. All go to the ultimate merits of the case as to which he had no authority to make any decision. See *Handy Cafe, Inc.* v. *Costello Distrib. Co.*, 334 Mass. 707 (1956), and *MacNeil Bros.* v. *State Realty Co.*, 341 Mass. 725 (1960).

The report must be discharged, and the case is remanded to the single justice for a determination whether the interlocutory orders granting the preliminary injunctions should stand or be modified or annulled.

*So ordered.*

*John S. Bottomly* for the plaintiffs.

*Francis S. Wright*, Assistant Attorney General, for the Commissioner of Environmental Management.

*Alan Wilson* for Conservation Law Foundation of New England, Inc. & others, interveners.

*Harvey Weiner*, Town Counsel, for Charles Levine & another.

*Winslow H. MacDonald & David J. Andrews*, for the Massachusetts Farm Bureau Federation, Inc., amicus curiae, submitted a brief.

*Michael P. Last, Birge Albright & Harlan M. Doliner*, for the Environment Committee of the Boston Bar Association, amicus curiae, submitted a brief.