NEWBURYPORT INSTITUTION FOR SAVINGS *vs.* EDWARD F. COFFIN & trustee,

WINTHROP O. COFFIN, claimant.

Essex.   March 30, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BRALEY, JJ.

*Practice, Civil,* Report, Death of judge, New trial.

Under R. L. c. 173, § 105, the power of a judge of the Superior Court to report a case for determination by this court is discretionary.

Where a judge of the Superior Court who has heard a case without a jury, and has intended to report the case for determination by this court, dies before doing so, there is no statute under which another judge who has not heard the parties can report the case.

Where a case has been heard fully and determined by a judge of the Superior Court, who dies before reporting the case for determination by this court as he intended to do, if no questions of law have been saved by exception, and the judge who heard the case has done everything that is necessary to enable another judge to order judgment, there is no ground for granting a new trial or for refusing to enter judgment.

LATHROP, J. This is an action by trustee process upon a promissory note dated February 6, 1865, secured by a mortgage of real estate and personal property. Interest was paid to April 18, 1899. The defendant admitted the cause of action set forth by the plaintiff. The trustee admitted funds, but suggested that they were claimed by Winthrop O. Coffin. The claimant then appeared; and the case was tried before a judge of the Superior Court, without a jury. A finding was made for the plaintiff as against the claimant, and the trustee was charged upon his answer. This was at the May sitting, 1901. It appears that the judge intended to report the case to this court, and in October, 1901, drafts of a report were prepared by each counsel, which were submitted to the judge together with a transcript of the evidence. The judge died before settling the report.

Afterwards application was made to another judge of the Superior Court to report the case. He has certified that he has carefully examined the stenographic reports of the evidence given at the trial, " and they do not seem to raise any question which should be reported." He therefore refused to report the case, and ordered the trustee to be charged.

The case comes before us on exceptions of the claimant to the refusal of the judge to report the case; to the refusal of the judge to rule that if the case failed to be reported through the death of the judge who tried the case the court had no power or authority to enter judgment on the finding without the consent of the claimant; and to the refusal of the judge to order a new trial.

Before the St. of 1878, c. 231, the judges of the Superior Court had no power to report questions of law in civil cases tried without a jury. *Terry* v. *Brightman*, 129 Mass. 535. The law as it stands to-day is found in the R. L. c. 173, § 105. The power to report is a discretionary power, and no statute imposes a duty upon a judge to make a report. Nor is there any statute which allows a judge to make a report of a case to this court when he has not heard the parties.

In the present case it is not contended that there were any exceptions taken at the trial of the case. If there had been, any question of law could have been brought to this court, by duly filing a bill of exceptions signed by another judge, under the R. L. c. 173, § 108. But there is no such provision as to a report.

The motion for a new trial was rightly overruled. The case was fully heard and determined; and as no question of law was saved by the claimant, he had no right to have the case tried anew.

The ruling requested was rightly refused. The judge who heard the case had done everything that was necessary to enable another judge to order judgment.

*Exceptions overruled.*

*H. I. Bartlett,* for the claimant.

*N. N. Jones & E. Foss,* for the plaintiff.