FRANK H. WALTERS *vs.* JACKSON AND NEWTON COMPANY.

Middlesex.    October 29, 1918. — October 31, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Report.

By R. L. c. 173, § 108, as amended by St. 1912, c. 317, the power of a judge of the Superior Court, after the death of another judge of that court who had presided at a trial, to report the case thus tried for determination by this court, is confined expressly to cases where the trial judge had reserved the case for report and failed by reason of his death to make such report; and, in a case where there was no request to the trial judge to report the case and no decision by him to make a report, another judge has no power to report the case after his death.

TORT. Writ dated June 5, 1916.

The case was tried before *Hardy,* J., on December 15, 1916. At the close of the plaintiff's evidence the judge ordered a verdict for

the defendant, and the plaintiff filed a bill of exceptions, but there never was a hearing upon it. The time for the allowance of the exceptions was extended from time to time by agreement and the last extension expired on December 3, 1917, which was after the death of *Hardy,* J., "and through inadvertence of counsel the time was not extended before said expiration."

On December 18, 1917, the plaintiff filed in the Superior Court a motion that the case might be assigned to a judge of that court to be reported by him on an agreed statement of facts for determination by this court.

The motion was heard by *J. F. Brown,* J., who "ruled that under the law a justice of the Superior Court had no authority to allow such a motion." The judge denied the motion; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*E. C. Stone,* for the plaintiff.

*H. R. Bygrave,* for the defendant.

RUGG, C. J. Exceptions were duly saved at the trial of this case. The time for the allowance of exceptions as extended expired on December 3, 1917. The judge before whom the case was tried had then deceased. Through inadvertence of counsel no request was made seasonably for further extension of the time for allowing exceptions. There had been no request to the trial judge to report the case to this court and no determination by him to make a report.

Under these circumstances there is no jurisdiction in another judge to make a report even if such course seems wise. The power of a judge of the Superior Court to report questions of law for the determination of this court is wholly the creature of statute. *Riverbank Improvement Co.* v. *Chapman,* 224 Mass. 424, 425, and cases there collected. No power to report was conferred by R. L. c. 173, §§ 105, 108, as amended by St. 1912, c. 317, upon any judge other than the one who heard the parties or presided over the trial. *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74. No statute since has been enacted conferring such power in a case like the present. St. 1908, c. 177, manifestly is confined to instances where the bill of exceptions has been disallowed because not conformable to the truth or not stating the facts and evidence correctly and fully.

St. 1912, c. 317, amending R. L. c. 173, § 108, covers the subject. But the power of another judge to report there is confined expressly to cases where the judge who presided at the trial "has reserved a case for report to the Supreme Judicial Court . . . and fails, by reason of . . . death . . . , to make such report." These words plainly imply that the determination to make such report rests entirely with the judge who knew the facts by reason of having presided over the trial. It is only an intention, fully formed by him and failing of execution because of death, which can be perfected by another judge. That is a condition precedent to the exercise of the power by another judge. See *Lee* v. *Blodget*, 214 Mass. 374, 378.

*Exceptions overruled.*