PHILIP BERNINGER'S CASE.

Suffolk.     April 15, 1925. — May 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* Procedure: what constitutes decision by board; Death of board member.

Three of five members of the Industrial Accident Board designated by the chairman heard a claim on review of findings by a single member, and two of them voted to affirm and one not to affirm the action of the single member. Before a decision was formally filed, one of the two died. Thereafter, a decision was filed signed by one of the two and the secretary of the board affixed the signature of the other of the two, the deceased member, and in that condition the decree was certified to the Superior Court, where a final decree in accordance with the findings of the single member was entered, from which an appeal was taken. *Held,* that,

(1) The vote was not equivalent to a decision by the reviewing board;

(2) The statute, G. L. c. 152, § 10, requires the reviewing board appointed under G. L. c. 24, § 3, to file a formal decision signed by a majority of that board and to file with it the records in the proceedings, and to notify the parties; and no decision can legally be made until it has been signed by the members who agreed to it;

(3) The deceased member, whatever his vote may have been, could not be considered as having participated in any decision made by the board which he did not sign;

(4) No decision having been made by the reviewing board as the statute required, the decision of the Superior Court was reversed and the case was recommitted to the Industrial Accident Board for decision by a reviewing board under the statute.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of an alleged decision by the Industrial Accident Board affirming and adopting findings and a decision of a single member of the board awarding compensation to the claimant by reason of injuries suffered by him while in the employ of Chelsea Clock Company.

The insurer filed a motion for recommittal, described in the opinion. The motion was heard and denied by *Morton,* J., by whose order there was entered a final decree in accordance with the decision of the single member of the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*G. Gleason,* for the insurer.

*G. S. Harvey & F. W. Campbell,* for the employee.

CROSBY, J. This is a proceeding under the workmen's compensation act. The case was heard by a single member of the board on May 21 and June 3, 1924, under G. L. c. 152, §§ 7, 8, and a decision in favor of the employee was filed on October 28, 1924. The insurer claimed a review, and a board composed of three members (Messrs. Parks, Donahue and Cogswell) heard the parties on December 11, 1924. On December 18, 1924, Parks and Cogswell voted to affirm, and Donahue voted against, the finding of the single member. On December 27, 1924, Cogswell died. On February 5, 1925, the Industrial Accident Board filed what purported to be and was entitled "Findings and Decision of the Industrial Accident Board," and the parties were notified thereof. To this finding were affixed the signatures of Parks and Cogswell, the name of Cogswell being written by the secretary of the board by its direction. Certified copies of the papers were duly entered in the Superior Court by the insurer. G. L. c. 152, § 11. A motion to recommit the report to the board for a hearing on review was denied, and the insurer appealed. It also appealed from a decree entered affirming the alleged decision of the board.

The insurer contends that no decision of the reviewing board was filed or could be filed in accordance with G. L. c. 152, § 10, and that therefore the case should be recommitted to the board for decision.

It is the contention of the employee that there is nothing in the workmen's compensation act which requires the signature of the members of the reviewing board to their decisions, and that the action of the secretary in affixing the name of Mr. Cogswell was a nullity.

G. L. c. 24, § 3, provides that "The chairman shall from time to time designate five members to serve as a reviewing board, three members whereof shall constitute a quorum, to decide all matters required to be heard by said board." A reviewing board of three members heard the parties, and it is manifest that a decision could not be reached without the concurrence of at least two members. The statute G. L.

c. 152, § 10, provides that " If a claim for a review is filed under section eight, the reviewing board shall hear the parties . . . and shall file its decision with the records of the proceedings and notify the parties."

Although two of the members voted to affirm the finding of the single member, but one member actually signed the decision. The vote to affirm the decision of the single member was not equivalent to a decision by the reviewing board. Under the statute it was required to file a formal decision signed by a majority of the board and file it with the records of the proceedings; and to notify the parties. No decision could legally be made until signed by the members who agreed to it. Any member so voting would be at liberty any time before a decision was signed and filed to reach a different conclusion. A deceased member, whatever his vote may have been, cannot be considered as having participated in any decision made by the board which he did not sign.

Before the enactment of St. 1912, c. 317, now G. L. c. 231, § 112, it was held that, where a judge of the Superior Court who had presided at a trial and had intended to report the case to this court died before making such report, another judge of that court had no power to report the case. *Newburyport Institution for Savings* v. *Coffin,* 189 Mass. 74. *Walters* v. *Jackson & Newton Co.* 231 Mass. 247.

In the case at bar only two of the three members of the reviewing board were living when the decision was signed, one of whom voted against it; it was in effect the decision of a single member. As no decision contemplated by the statute has been filed, the decree must be reversed, and the case is to be recommitted to the Industrial Accident Board for decision by a reviewing board.

*So ordered.*