IDA WAXMAN & another *vs.* ISAAC S. COHEN.

Suffolk. November 12, 1925. — November 16, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Waiver*. *Contract*, Performance and breach. *Evidence*, Relevancy. *Practice, Civil*, Exceptions: harmless error.

At the trial of an action of contract for damages for breach of an agreement to procure three mortgages, each for $3,000, on three separate parcels of land, there was testimony to the effect that an agent of the defendant secured a single loan of $9,000 covering the three parcels, and notified the plaintiff that the bank would not separate the loans; that the plaintiff's attorney finally said, "if you cannot get any more we will have to take that"; and that an application for the loan which was made out by the plaintiff's attorney and handed to the defendant was for a single loan of $11,000 covering the three lots and purporting to be signed by the plaintiff. The judge found that the plaintiff had waived the provision of the agreement requiring three separate mortgages. *Held*, that

(1) Waiver in the circumstances was a question of fact;

(2) There was sufficient evidence to warrant the finding of a waiver.

An exception at a trial to the admission of irrelevant evidence must be overruled when it does not appear that the admission affected the substantial rights of the parties.

CONTRACT for breach of an agreement to procure three mortgages, each for $3,000, on three separate parcels of land. Writ dated June 4, 1924.

In the Superior Court, the action was heard by *Lawton*, J., without a jury. Material evidence is described in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

*A. J. Zimmerman*, for the plaintiff.

*S. Rosenberg*, for the defendant.

RUGG, C.J. This is an action of contract brought to recover damages for breach of an agreement to procure three

mortgages, each for $3,000, on three separate parcels of land. The judge found as a fact that the plaintiffs waived the provision of the agreement requiring the defendant to procure three first mortgages.

There was testimony to the effect that the agent of the defendant secured a single loan for $9,000, covering the three parcels; that he notified the plaintiff's attorney that "the bank would loan no more than Nine Thousand ($9,000.00) Dollars and would not separate them; that the plaintiffs' Attorney finally said 'if you cannot get any more we will have to take that.'" The application which was made out by the plaintiffs' attorney and handed to the defendant was for a single loan of $11,000, covering the three lots, and purported to be signed by the plaintiffs.

This was sufficient evidence on which to base a finding of waiver. Waiver under all the circumstances here disclosed was a question of fact. *Suburban Land Co., Inc.* v. *Brown,* 237 Mass. 166, 168. *Nashua River Paper Co.* v. *Lindsay,* 242 Mass. 206. Since that finding is supported by evidence, it cannot be set aside. The several requests for rulings were refused rightly because of the finding of fact. An agreement between one Edward Waxman and Thomas M. Smith admitted in evidence apparently was irrelevant to any issue raised on this record. Nevertheless its admission did not affect the substantial rights of the parties and was harmless error. There was no reversible error in excluding further questions respecting this agreement.

*Exceptions overruled.*