PERCY CHURCHILL'S CASE.

Suffolk.   October 9, 1928. — November 27, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* To whom act applies.   *Agency,* Existence of relation.

Upon evidence before the Industrial Accident Board at the hearing of a claim under the workmen's compensation act, that a woodchopper was hired to cut wood and was given wide discretion as to methods and times and periods of work, but was subject at any time to directions respecting what he should or should not do and how the work should be done, a finding by the board that the woodchopper was an employee within the meaning of G. L. c. 152, § 1 (4), was a finding of fact upon which the board's decision was final.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the

Industrial Accident Board awarding the claimant compensation for injuries described in the opinion.

In the Superior Court, a final decree was entered by order of *Bishop*, J., awarding compensation as found by the Industrial Accident Board. The insurer appealed.

The case was submitted on briefs.

*G. Gleason*, for the insurer.

*J. B. Mahar*, for the claimant.

SANDERSON, J. On January 19, 1927, while cutting wood on a lot owned by the National Fireworks, Inc., the claimant was injured by a glancing blow from his axe which resulted in the amputation of his leg at the ankle. He has been unable to do any form of work since that date.

The evidence tended to show that one Packard, who was in charge of the lumber department of the owner's business, hired the claimant to cut wood, alone or with an assistant, either by the day or cord; that he was paid by the cord — and the single member found that he was employed — to cut at the rate of $3 a cord; that Packard instructed him as to the lengths into which different trees were to be cut, indicating their size and kind, suggesting the desirability of cutting certain wood first so that the tall trees would not fall on neighboring land. There was no agreement that the claimant was to cut or be in charge of cutting the whole lot. The claimant was helped by his son in chopping a few trees. He was not obliged to begin or quit work at any special time, he used his own axe and saw, and the order in which he cut the trees was left to his own discretion. His name appeared on the company's payroll. During part of the time he was cutting on the lot, three other men — authorized to go to work by the claimant after consent of the owner had been given — were told by Churchill to cut the small stuff, the wood chopped by them being kept in separate piles. They did not work for the claimant although he received from the company a check to pay for what they all did and divided it. The claimant testified that the National Fireworks company was his boss on the work. The treasurer and general manager of the owner testified that the nature of the work was such that a man is allowed to use a great deal of discretion

in the selection of hours, length of axe used, and that sort of thing; but that the company had the right to go upon the lot at any time, direct the claimant in what he should or should not do and how the work should be done, and that it might give directions as to felling a tree.

The only question argued is whether the claimant was an employee within the meaning of that word in the workmen's compensation act. G. L. c. 152, § 1 (4). We are of opinion that the question — whether the company retained such right to direct and control, not only the result to be reached by the claimant but also the means by which it should be accomplished, as to establish the relationship of employer and employee within the meaning of the act — was one of fact upon which the decision of the Industrial Accident Board is final. The case is governed in principle by *McAllister's Case*, 229 Mass. 193, *Goff's Case*, 234 Mass. 116, 120, and *Chisholm's Case*, 238 Mass. 412, 419, 420. See *Marsh* v. *Beraldi*, 260 Mass. 225, 231.

*Decree affirmed.*