JOSEPH NARTOWICZ'S CASE.

Hampden.     September 20, 1956. — November 15, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Workmen's Compensation Act,* Death of single member before decision, Waiver, Stipulation. *Waiver.*

Correspondence between the Industrial Accident Board and a self insurer following a hearing of the evidence in a workmen's compensation case by a single member and his death without having rendered a decision warranted a finding that the self insurer agreed to have the evidence heard by the deceased member submitted to another member and the case decided by him thereon, and waived any right to a hearing by the board member who was to render the decision. [686]

The record in a workmen's compensation case disclosed no ground to relieve a self insurer from a stipulation that the case should be decided by a single member of the Industrial Accident Board upon evidence heard by another member who had died without rendering a decision. [686]

A decision in a workmen's compensation case rendered by a single member of the Industrial Accident Board with the consent of the parties upon evidence heard by another member who had died without rendering a decision was effective as a decision under G. L. (Ter. Ed.) c. 152, § 8, as amended. [686–687]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dewing,* J.

*William C. Giles, Jr.,* for the self insurer.

---

*John T. Burke,* for Lumbermens Mutual Casualty Company.

*Luke F. Ryan,* for the claimant.

WILKINS, C.J.   The employee's claim for compensation, involving the liability of successive employers, (1) Daniel Cunningham Construction Company insured by Lumbermens Mutual Casualty Company, and (2) Associated Transport, Inc., a self insurer, was heard by a single member who died before rendering a decision.   Following correspondence between the chairman of the Industrial Accident Board and counsel for the self insurer, the evidence taken before the deceased member was submitted to another member.   The latter rendered a decision ordering the payment of compensation by the self insurer and dismissing the claim against the first insurer.   The decision was affirmed and adopted by the reviewing board.   From a decree of the Superior Court ordering the payment of compensation the self insurer appealed.

The self insurer argues two questions.   (1) Whether the correspondence constituted a waiver of any right to a hearing by the board member rendering the decision; and (2) assuming such waiver, whether a decision of one member made on evidence heard by another member since deceased can have effect.

1. On September 19, 1955, the chairman of the board wrote counsel for the self insurer: "The untimely death of Mr. Charles J. Skladzien, member of the Industrial Accident Board who heard the above named case, intervened before decision was made.   In earlier instances where a board member has died prior to rendering his decision, parties have agreed to have the evidence submitted to another member of the Industrial Accident Board, and a decision filed by said member.   Will you please inform this office if such procedure is agreeable to you and, if so, decision will be made as soon as possible."   On September 22, 1955, counsel for the self insurer replied to the chairman: "I was very sorry to receive the news of the death of Mr. Charles J. Skladzien, member of the Industrial Accident

Board. Associated Transport, Inc., will, of course, be perfectly willing to have the evidence in this case submitted to another member of the board, with the decision to be filed by said member." On September 23, 1955, counsel for the self insurer sent a copy of each letter to the self insurer in a letter in which it was said, "It certainly is regrettable that this eventuality has taken place, but there is nothing which can be done except to submit to another hearing."

This correspondence appears in a motion for rehearing filed by the self insurer with the reviewing board, which denied the motion. The implied finding of waiver was amply warranted, if not required. *Suburban Land Co. Inc.* v. *Brown*, 237 Mass. 166, 168. *Waxman* v. *Cohen*, 253 Mass. 548, 549. The same result would follow if the motion be treated as one to relieve the self insurer from a stipulation. *Loring* v. *Mercier*, 318 Mass. 599. *Kalika* v. *Munro*, 323 Mass. 542.

2. The contention that a decision by the single member who did not hear the evidence is without effect is based upon G. L. (Ter. Ed.) c. 152, § 8, as amended by St. 1953, c. 314, § 6, which reads: "Such member [to whom the case is assigned for hearing under § 7, as amended by St. 1953, c. 314, § 6] shall make such inquiries and investigations as shall be deemed necessary. The hearing shall be held in the town where the accident occurred or in such other place as the division may designate; and the decision of the member, together with a statement of the evidence, his findings of fact, rulings of law, and other matters pertinent to questions arising before him, shall be filed with the division. Unless a claim for review is filed by either party within seven days, the decision shall be enforceable under section eleven."

We perceive nothing in this statute which precludes the board from making, with the consent of the parties, an expeditious determination of a claim which has been heard, but can no longer be decided, by one of its members. On the contrary, we observe much in favor of the existence of such a power. The Legislature intended that under the

workmen's compensation act "procedure shall be as simple and summary as reasonably may be." G. L. (Ter. Ed.) c. 152, § 5, as amended by St. 1953, c. 314, § 6. *Shershun's Case*, 286 Mass. 379, 381–382. To this end, rules may be established by the board. § 5, as amended. To adopt the self insurer's contention would be to defeat the statutory design for simplicity and reasonable speed of decision. To do so would also be to lose sight of the principle early declared by Chief Justice Rugg that "The act is to be interpreted in the light of its purpose and, so far as reasonably may be, to promote the accomplishment of its beneficient design." *Young* v. *Duncan*, 218 Mass. 346, 349.

Cases are not in point which hold that in the absence of a statute a judge who has not heard a case cannot report it after the death of a trial judge who did not decide or report it. See *Newburyport Institution for Savings* v. *Coffin*, 189 Mass. 74; *Walters* v. *Jackson & Newton Co.* 231 Mass. 247. Even in such a situation there would be nothing to prevent the parties from assenting, as they could be found to have done here, that the case might be heard by a new judge on the evidence taken before the earlier judge. Compare *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 207; *S. C.* 249 Mass. 365, 367; *Learned* v. *Hamburger*, 245 Mass. 461, 463.

Where a claim of review is filed under G. L. (Ter. Ed.) c. 152, § 8, as amended, to be heard under § 10, as appearing in St. 1947, c. 546, the principal result of the hearing before the single member usually is the existence of a record containing all the material evidence. This record need not be verbatim but may be in narrative form. *Bean's Case*, 227 Mass. 558, 561. The action of the reviewing board, entirely superseding, as it does, the action of the single member, is final if supported by evidence and untainted by error of law. *Webb's Case*, 318 Mass. 357, 358. *McLean's Case*, 323 Mass. 35, 37. Here there has been a decision of the reviewing board in precisely the same way as if there had been a decision by the single member who died.

The self insurer is not aided by *Berninger's Case*, 253 Mass. 52, where two members of a reviewing board voted to

affirm a decision of the single member, but one of them died before the decision was signed and filed pursuant to G. L. c. 152, § 10.

3. Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, and as amended by St. 1949, c. 372, may be allowed by the single justice.

*Decree affirmed.*