FRED D. HARTMAN'S CASE.

Plymouth.    November 4, 1957. — December 11, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act*, To whom act applies.  *Agency*, What constitutes, Independent contractor.

Evidence in a workmen's compensation case warranted a finding by the Industrial Accident Board that the claimant was an independent contractor rather than an employee of the insured in carrying out on his own premises an arrangement with the insured whereby he cared for a large number of young chickens of the insured by methods and using materials prescribed by the insured and the insured paid him a certain sum per chicken and also paid for the feed and other expenses.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Warner, J.*

*Alton F. Lyon,* for the claimant.

*David H. Fulton,* for the insurer, submitted a brief.

RONAN, J. This is an appeal from a decree of the Superior Court denying compensation to the claimant under the workmen's compensation act because of injuries received upon the claimant's premises on August 15, 1953, when an elevator upon which he was riding in the performance of his duties fell five stories causing him severe injuries.

Hartman for a dozen years prior to December, 1952, had been a poultry farmer and used a five story wooden building upon his premises for his operations. This building was equipped with an elevator for bringing feed and other materials to the different floors. It was also equipped with feed troughs, water fountains, gas stoves, and various other paraphernalia ordinarily used in the trade. This building was vacant in December, 1952, when one Singer and his son, co-partners doing business as the Singer Live Poultry Company and hereinafter referred to as the insured, saw Hartman and made an arrangement for him to care for their chickens for which they were to use his premises paying him a cent a chicken which usually amounted to $100 a week, and also paying for the feed, gas, and other materials. Hartman was to adopt their method of feeding the young chickens and their method of watering them. He was also to illuminate the premises daily for as many hours as they prescribed and to use a certain type of shavings in covering the floor. He was also to obtain a certain brand of grain from a particular dealer. If the chickens became ill he was to notify an employee of this dealer and also the insured. The chickens were to be removed from Hartman's premises when the insured determined that they were fit for the market. Hartman carried out the directions of the insured although he did not personally agree with all the details outlined by them. He contends that he was their employee.

The insurer on the other hand contended that Hartman was an independent contractor whose duty it was to raise

the chickens until they had grown sufficiently to sell them alive in the open market for which they agreed to pay him one cent per week for each chicken which he raised.

The first flock of chickens consisting of ten thousand two hundred birds arrived in January, 1953, and passed through the rearing period without incident. Hartman was caring for the second flock when his accident occurred. During the interval of approximately two weeks which intervened between the departure of the first and the arrival of the second flock, Hartman was paid $50 a week. At times, at the suggestion and expense of the insured, he hired persons to assist him. At the time of the accident, Hartman at his own expense and unknown to the insured was being assisted by a boy who was riding upon the elevator. He was paid for his services by Hartman.

To recover under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, the claimant must prove that he was "in the service of another," that is, the relation of master and servant or employer and employee, and not acting as an independent contractor at the time he was injured. *Warren's Case*, 326 Mass. 718, 719.

The issue in this case is whether the claimant was an employee of the insured or an independent contractor at the time he was injured. The test to be applied in determining which of these relationships one stands in is whether in doing the work he is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it, and is not subject to direction and control as to every detail of the work, in which case he is an independent contractor. On the other hand, if at every moment, with respect to every detail, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed or a right to designate the work to be done under the contract, then he is a servant or employee. *McDermott's Case*, 283 Mass. 74. *Doyle* v. *LaCroix, ante*, 484.

The decision of the single member who found for the claimant was superseded by that of the reviewing board

whose ultimate finding was that Hartman was an independent contractor. The court will sustain the general finding of the reviewing board and it is final unless it is not supported by evidence or is tainted by error of law, and this is so even if a different finding could have been made by the board. *DePietro's Case,* 284 Mass. 381, 384. *Demetre's Case,* 322 Mass. 95, 98. *McKeon's Case,* 326 Mass. 202, 203. *Mastrogiovanni's Case,* 332 Mass. 228. *Williams's Case,* 333 Mass. 271, 273. *Varano's Case,* 334 Mass. 153, 155. *Nartowicz's Case,* 334 Mass. 684, 687.

The claimant while in the hospital after the accident signed a statement which was read to him by his daughter in which it was stated: "I have been raising chickens for over twelve years and know all about it so Mr. Singer does not in any way tell me how to raise the chickens. I decide when to feed them and how to take care of them generally and I control the operation all the way without interference by Mr. Singer in any way." Hartman admitted signing the statement although he denied reading it. That statement went to the crux of the case and the board could give it what credence it deemed it deserved. The board could hardly be expected to give full credit to the testimony of one who had previously stated a diametrically opposed narration of the same critical event.

The insured was at the time of the accident interested in raising chickens at a great number of chicken nurseries some of which were covered by workmen's compensation insurance. It appears that Singer referred to "employees" in speaking of those engaged at two farms which the insured had leased. The claimant argues that as to these farms the employees were insured. How closely this branch of the partnership business was conducted by the partnership, if it was so conducted, with the business conducted at Hartman's premises is too vague and indefinite to apply the principle enunciated in *Employers Mutual Liability Ins. Co.* v. *Merrimac Mills Co.* 325 Mass. 676, where some of the employees in the same plant were insured while other fellow employees were not.

*Decree affirmed.*