WILLIAM H. BRIGHAM'S CASE.

Suffolk.    October 5, 1964. — December 2, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* To whom act applies. *Agency,* What constitutes, Independent contractor. *Contract,* Of employment.

Evidence in a workmen's compensation case warranted findings by the Industrial Accident Board that an insurance company having a contract with the claimant, a full time insurance salesman, providing that he should "render to policyholders of the Company all service incidental to the maintenance and care of the Company's business which may be required by the policyholders or by the Company," "retained the authority to control . . . [him] in regard to details of his work," and that he was an employee of the company rather than an independent contractor.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

---

The case was heard by *Ponte, J.*

*Robert W. Cornell* (*Karl L. Gollub* with him) for the insurer.

*Theodore L. Schiavoni* for the claimant.

KIRK, J.   The insurer appeals from a decree awarding compensation to the claimant (Brigham), an insurance salesman under contract with The Prudential Insurance Company of America (Prudential).

Brigham was injured on December 22, 1960, when he slipped on ice and fell while getting into his car after having left in Prudential's office money collected from policyholders.   The reviewing board of the Industrial Accident Board acting under G. L. c. 152, § 10, in affirming and adopting the findings and decision of the single member that Brigham was an employee of Prudential and that the injury arose out of and in the course of his employment, made the further finding that Prudential "retained the authority to control . . . [Brigham] in regard to details of his work."

The general finding of the reviewing board entirely superseding, as it does, the decision of the single member, is final and must be upheld if supported by any evidence unless tainted by error of law, and this is so even if a different finding could have been made by the board.  *Nartowicz's Case,* 334 Mass. 684, 687.   *Hartman's Case,* 336 Mass. 508, 511, and cases cited.   *Bator's Case,* 338 Mass. 104, 105.  *Collins's Case,* 342 Mass. 389, 391.

The sole question raised by the appeal is whether there is any evidence to support the reviewing board's finding that Brigham, at the time he was injured, was an employee of Prudential, as distinguished from an independent contractor, as the insurer contends.   The test used in this Commonwealth to determine whether an individual is, on the one hand, a servant or employee, and thus covered by the Workmen's Compensation Act (G. L. c. 152, § 1 [4]), or, on the other hand, an independent contractor, and therefore not covered by the act, is the control which may be exercised over the individual in the performance of his work. If in the performance of his work an individual is at all

times bound to obedience and subject to direction and supervision as to details, he is an employee; but if he is only responsible for the accomplishment of an agreed result in an agreed manner, he is an independent contractor. The essence of the distinction is the right to control. *McDermott's Case*, 283 Mass. 74, 75–77. *Hartman's Case*, 336 Mass. 508, 510.

We apply the test, as did the reviewing board, to the evidence: Brigham's contract with Prudential provided that he was "to devote substantially all his working time to the Company's business; and to render to policyholders of the Company all service incidental to the maintenance and care of the Company's business which may be required by the policyholders or by the Company." There was evidence that, in addition to collecting premiums and giving service on policies which he had sold, Brigham was assigned by Prudential to collect premiums and give service on policies not sold by him; that he was required to attend a weekly meeting and a weekly class conducted by Prudential, and was requested to make daily calls to the division manager's office in person or by telephone; that the division manager could accompany him on his visits to clients or prospective clients; that he was required to submit a weekly report of work done and a weekly schedule of work to be done; that he could not sell insurance for any other company if it was of a kind sold by Prudential; that his only license to sell insurance was contingent upon his relation with Prudential; and that Prudential made available to him a desk and secretarial help.

It cannot be said that this evidence leaves unsupported the reviewing board's finding that Prudential had the right to control Brigham in the performance of the details of his work. It follows that the decision that Brigham was an employee of Prudential must stand. *Churchill's Case*, 265 Mass. 117, 119.

The decree is affirmed. Costs and expenses of this appeal under G. L. c. 152, § 11A, shall be allowed by the single justice.

*So ordered.*