## LOUISE M. LONGERATO'S CASE.

Berkshire. February 10, 1967. — March 31, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Rehearing, Further compensation, Juris-
diction of Industrial Accident Board, What insurer liable. *Res Judi-
cata.*

A hearing under § 12 of the Workmen's Compensation Act, G. L. c. 152,
on the question whether incapacity of the employee was "the result of
. . . injuries for which . . . [she had] received compensation" was not
barred by the circumstances that no petition for such hearing under
Rule II E of the Industrial Accident Board had been filed prior to the
hearing, that there had been no reservation of the employee's future
rights, and that a previous decision of a reviewing board on such ques-
tion as to an earlier period of claimed incapacity had been adverse to
the employee and no appeal had been taken therefrom.    [286]
Warranted findings in a workmen's compensation case that incapacity of
the employee was due solely to an injury suffered in March and that an
incident in the following November did not contribute to the incapacity
required that compensation for the incapacity be paid by the insurer
on the risk in March rather than by the employer as self-insurer in
November.    [287]
Where there was in a workmen's compensation case a decision of a re-
viewing board, from which no appeal was taken, denying a claim for
compensation and accordingly no compensation was ever awarded or
paid, the second paragraph of G. L. c. 152, § 12, was inapplicable and
the issue of compensable injury was res judicata.    [287]

CERTIFICATION to the Superior Court of a decision of the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Bolster, J.*

*Pasquale J. Ventola* for the employee.

*Norman P. Beane, Jr.,* for the self-insurer.

*Charles W. Brids* for the insurer.

WILKINS, C.J.    The employee, a secretary employed by
Hurlbut Paper Company (Hurlbut), appeals from a decree

of the Superior Court entered on August 4, 1965, ordering that "the decision of the reviewing board filed on October 13, 1964, be . . . reversed." See, however, *Johnson's Case,* 242 Mass. 489, 493–494. The decree gave as its reason that no petition for rehearing under G. L. c. 152, § 12 (second paragraph),[1] and under Rule II E[2] of the Industrial Accident Board was filed by the employee with the board prior to the hearing held before the single member on December 5, 1963, and February 12, 1964, and that, therefore, the single member lacked jurisdiction.

On March 6, 1961, the employee fell and sustained a back injury, for which Liberty Mutual Insurance Company (Liberty) paid total compensation from March 7, 1961, to May 9, 1961. Thereafter she received full pay but worked only part time until the latter part of August, when she resumed her full duties.

On November 2, 1961, the employee pulled out a drawer to a filing cabinet. As a result, she claimed that the original injury was aggravated. On February 5, 1962, she filed a claim for injury giving the date as November 2, 1961. On May 8, 1962, there was a hearing before a single member on two issues. As to Liberty, the issue was whether the employee sustained an industrial injury subsequent to her return to work as a result of the injury of March 6, 1961. As to Hurlbut, the issue was whether the employee sustained an injury arising out of and in the course of her employment on November 2, 1961, and whether her disabil-

---

[1] G. L. c. 152, § 12, paragraph 2 (as amended through St. 1953, c. 314, § 6). "When in any case before the [reviewing] board . . . there appears of record a finding that the employee is entitled to compensation, no subsequent finding by the board or by a member thereof discontinuing compensation on the ground that the employee's incapacity has ceased shall be considered final as a matter of fact or res judicata as a matter of law, and such employee . . . may have further hearings as to whether his incapacity . . . is . . . the result of the injuries for which he received compensation . . . ."

[2] Rule II E. "Petitions for Rehearing Under Section 12. 1. Where there is a decision discontinuing compensation on the ground that the employee's incapacity has ceased and an original or subsequent petition for rehearing under paragraph 2 of section 12 is filed with the division, it shall be in the form prescribed . . . shall sufficiently state the basis of the claim for further incapacity and shall be supported by affidavits . . . . 2. The hearing of the evidence on such petition shall be held before a single member . . . ."

ity, if any, subsequent to December 5, 1961,[1] was causally related to an alleged injury on November 2, 1961. The single member filed a report on July 18, 1962. The reviewing board on February 11, 1963, affirming and adopting the findings of the single member, denied both (1) the claim against Liberty for further compensation as a result of the original injury on March 6, 1961, and (2) the claim against Hurlbut, self-insurer, because of the alleged injury on November 2, 1961.

There was a hearing on December 5, 1963, and February 12, 1964, before another single member, who filed a report on May 8, 1964. Under § 12 it was proper to hold this hearing "as to whether . . . [her] incapacity . . . is . . . the result of the injuries for which . . . [she] received compensation." It was without significance that there has been no reservation of the employee's future rights, or that no appeal was taken from the previous decision of the reviewing board on February 11, 1963, dismissing the claim. *Falcione's Case,* 305 Mass. 433, 435. *Amon's Case,* 315 Mass. 210, 216.

In the report of May 8, 1964, (1) Liberty was ordered to pay further compensation for periods subsequent to December 5, 1961; and (2) the claim against the self-insurer was again denied. There was a hearing before the reviewing board on August 10, 1964. On October 13, 1964, the board filed a decision affirming and adopting, with one minor exception now immaterial, the findings and decision of the second single member. The board also stated that they found that the decision of the first single member and that of the reviewing board filed on February 11, 1963, "are res judicata only as to the issue of the period of incapacity being claimed at that time." The claim for incapacity against the self-insurer was dismissed, and the employee's rights to further compensation from February 12, 1964, were specifically reserved.

---

[1] The date on which the employee ceased working for reasons unconnected with her physical condition.

This is the posture of the case wherein was made the decree which is the subject of this appeal.

1. There was error in the decree. The fact that no question of rehearing was raised before the single member or the reviewing board might be a sufficient ground for disposing of this aspect of the case. *Gustafson's Case,* 303 Mass. 397, 401. *Demetre's Case,* 322 Mass. 95, 101. *Vaz's Case,* 342 Mass. 495, 499. But in our opinion this challenge to jurisdiction is entitled to a disposition expressly based on the merits.

2. The substantial issue is what properly should have been the decree of the Superior Court upon the decision of the reviewing board of October 13, 1964. See *Lopes's Case,* 277 Mass. 581, 585; *Walsh's Case,* 281 Mass. 228, 232. In the decision of October 13, 1964, the decisive findings are (1) that the employee's incapacity was due solely to the accident of March 6, 1961, and (2) that the incident of November 2, 1961, did not contribute to the incapacity. These findings had evidential support and were free of error of law. *Webb's Case,* 318 Mass. 357. *Nartowicz's Case,* 334 Mass. 684, 687. *Hartman's Case,* 336 Mass. 508, 511. The testimony of Dr. Sandick, the attending physician, notwithstanding Liberty's arguments, warrants the findings. This left the liability solely that of Liberty as the insurer covering the risk at the time of the most recent injury which bore a causal relation to the disability. *Morin's Case,* 321 Mass. 310, 312. *Rock's Case,* 323 Mass. 428, 429. *Casey's Case,* 348 Mass. 572, 574, and cases cited.

The second finding was in accord with the decision of the reviewing board on February 11, 1963, dismissing the claim against the self-insurer. The latter decision in that respect was res judicata. Its scope was not within the exceptions in § 12, which applies only where there is a decision by the reviewing board or a member discontinuing compensation on the ground that incapacity has ceased. No compensation thereon was ever paid by the self-insurer, and no compensation therefor was ever awarded by the board. See *Brode's Case,* 251 Mass. 414; *Ziccardi's Case,* 287 Mass. 588.

3. The decree is reversed. The case is remanded to the Superior Court for the entry of a new final decree in accordance with this opinion. Costs of appeal shall be in the discretion of the single justice.

*So ordered.*