*Southern District*

## No. 117

# ELECTROCOM CORPORATION
## v.
# MICHAEL GELLER

Argued: Aug. 27, 1975. Decided Dec. 1, 1975.

Case tried to *Anderson, J.,* in the District Court of East Norfolk. No. 1454/73.

Present: *Murphy, P.J., Tamkin, Hurd, J.J.

**Hurd, J.** This action of contract was tried before the then presiding justice of the District Court of East Norfolk on February 20, 1974. He resigned on December 20, 1974 upon being named an associate justice of the Superior Court, such resignation being duly

---

* Presiding Justice Murphy retired October 10, 1975.

entered in the records of the clerk's office of the District Court of East Norfolk. On January 7, 1975, two weeks and four days after resigning as presiding justice of the District Court in question, the trial justice found for the plaintiff, which finding was duly entered on that date.

Upon receiving notice of the finding, the defendant filed a motion entitled "Motion to Vacate Finding and for Mistrial" which motion was allowed after argument by another justice. Thereafter, the plaintiff filed a motion entitled "Motion to Vacate Finding for Mistrial" on the grounds that the justice who allowed that motion was "not the judge who heard the action and had no jurisdiction to render a decision on the said motion under District Court Rule #30A." The same justice denied that motion and the plaintiff seasonably claimed a report.

The justice who ruled on the motions made no findings of fact. However, the parties stipulated that on January 7, 1975, the date of the finding, the trial justice who presided at the trial on February 20, 1974, was no longer a justice of the District Court as he had become an associate justice of the Superior Court. It was also stipulated that the justice who ruled on the motions was not assigned pursuant to Rule 30A of the District Court Rules then in effect, but had been assigned by the Chief Justice of the District Courts to hear civil cases in the District Court of East Norfolk.

There was no error in the allowance of defendant's "Motion to Vacate Finding and for Mistrial" and the denial of plaintiff's "Motion to Vacate Finding for Mistrial".

Rule 30A of the District Court Rules (1972) cited by the plaintiff in support of its motion authorizes the Chief Justice of the District Courts to appoint another justice to act in the place of a justice "before whom an action has been tried", who, "by reason of death, sickness, resignation, removal, retirement or other disability . . . shall fail to allow a report, fail

to report a case reserved for report, or fail to act upon a motion for a new trial . . . (and) if such other justice is satisfied that he cannot so act because he did not preside at the trial or for any other reason, he may in his discretion order a new trial." Clearly Rule 30A does not provide for the circumstance wherein the trial judge resigns before making a finding in a case heard by him prior to his resignation.

We are also of the opinion that the facts in the instant case are distinguishable from those in *Hodgson Houses Inc. v. Edward A. Gallerani and another,* Mass. Adv. Sh. (1974) 2213. In that case the trial justice found for the plaintiff and then retired without acting on defendant's motion for new trial and requests for rulings filed with their motion. Thereafter, the Appellate Division, at the request of the plaintiff, denied the motion for a new trial without hearing the parties. The court held that "the judges of the Appellate Division ruled, correctly we think, that there was at that time no specific 'authority' in any statute or rule of court for the Appellate Division or any other judge, to assume jurisdiction over the case. See new Rule 30A of the Rules of the District Courts (1972) which authorizes the Chief Justice of the District Courts to appoint a judge to act in such a case." Further, the court said, "There is serious doubt also as to the jurisdiction of the Appellate Division, although those judges clearly acted in a responsible fashion in attempting to dispose of the matter. Nevertheless, we feel that this unusual case can be best disposed of by remanding it to the District Court . . ."

The fact that the justice who ruled on the motions in the instant case was not assigned pursuant to Rule 30A of the District Court Rules does not in our view deprive him of jurisdiction over the case. As was stipulated, the justice who ruled on the motions in

question was a full-time justice assigned by the Chief Justice to hear civil cases. With few exceptions, only a full-time justice of the District Court "shall hear and determine civil cases". G.L. c. 218, §40. The authority of the Chief Justice to assign a full-time justice to hear cases in a court other than his own is derived from G.L. c. 218, §77A, which provides among other things, that each full-time justice "shall sit in his own court, and, in addition, shall perform such other duties as a district court justice in such other courts and on such occasions *as shall be ordered by the chief justice."* (Emphasis added).

It is axiomatic that the question of jurisdiction can be raised at any stage of the proceeding, *Donnelly v. Montague,* 305 Mass. 14, 17-18 (1940); *Board of Assessors v. Suffolk Law School,* 295 Mass. 489, 495 (1936), and where, as in this case, the justice who ruled on the motions made no findings, "it is our duty to determine the question of jurisdiction of our own motion". *Commissioner of Corporations & Taxation v. Chilton Club,* 318 Mass. 285, 287 (1945).

This was not a situation where "there was no jurisdiction in another justice to make a report even if such a course seem[ed] wise". *Walter v. Jacobson & Newton Co.,* 231 Mass. 247, 248 (1918) or where "[t]he judge who heard the case had done everything that was necessary to enable another judge to order judgment". *Newburyport Inst. for Savings v. Coffin,* 189 Mass. 74, 76 (1905).

In this case the trial justice simply failed to make his finding before resigning, thus rendering it a nullity.

We are of the opinion that while the trial justice lacked jurisdiction to make the finding entered on January 7, 1975, the justice who ruled on the motions did have jurisdiction and ruled correctly.

**There being no prejudicial error, the report is dismissed.**