Peter MUNRO, Plaintiff,

v.

**Bruce KEHR, d/b/a Bruce Kehr
Contractors, Defendant.**

**Civ. A. No. 92–40105–GN.**

United States District Court,
D. Massachusetts.

Oct. 22, 1993.

Joseph F. Krowski, Thomas J. Canavan, Law Office of Thomas J. Krowski, Brockton, MA, for plaintiff.

John P. Noyes, John A. Kiernan, Gilberg, Kurent & Kiernan, Boston, MA, John H. Goewey, Keenan, Goewey & Garland, Worcester, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this court is the motion of defendant, Bruce Kehr d/b/a Bruce Kehr Contractors ("Kehr"), for summary judgement filed on January 27, 1993. Plaintiff, Peter Munro ("Munro") filed his opposition to such motion on February 23, 1993. Oral arguments were heard before this Court on March 18, 1993.

### I. *Factual Background*

This case is a civil action in which the plaintiff seeks to recover for hip injuries he sustained in an accident covered under the Massachusetts worker's compensation statute, M.G.L. c. 152, § 15. Plaintiff was employed as a carpenter by Housing Systems of Massachusetts, Inc. ("HSM") from late 1988 until the date of his injury on October 11, 1989. HSM was engaged in a large building renovation, including the installation of approximately 3000 windows which Kehr was to supervise. Plaintiff spent approximately half of his time on the installation of these windows. The injury occurred when the plastic milk crate which had been supplied to plaintiff for use as a scaffold collapsed below him. It is uncontested that the milk crate was supplied to plaintiff by defendant Kehr.

Defendant, in his motion for summary judgment, asserts that he was an employee of HSM, and as such immune as a co-worker from liability under the provisions of the worker's compensation act, M.G.L. c. 152, § 15. Conversely, plaintiff contends that based upon the facts developed through dis-

covery, it appears that Kehr was not an employee of HSM for purposes of the workers compensation act, but rather an independent contractor, and therefore is not immune from suit. Whether Kehr was an employee of HSM or an independent contractor hired for the renovation project, is the central question before this Court.

## II. *Legal Analysis and Reasoning*

Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Inferences are drawn in favor of plaintiff, the non-moving party. *Space Master International, Inc. v. City of Worcester*, 940 F.2d 16 (1st Cir.1991); *Herbert W. Price v. General Motors Corporation*, 931 F.2d 162 (1st Cir.1991) (record reviewed in light most favorable to non-moving party).

■ In determining whether a factual dispute is genuine, this Court must decide whether "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera*, 957 F.2d 40, 41 (1st Cir.1992) (citing *Anderson*, 477 U.S. 242, 106 S.Ct. 2505). A fact is "material" if it might affect the outcome of the suit under governing substantive law. *Beck v. Somerset Technologies*, 882 F.2d 993 (5th Cir.1989) (citing *Anderson*, 477 U.S. 242, 106 S.Ct. 2505); *see generally, Manarite v. City of Springfield*, 957 F.2d 953, 955 (1st Cir.1992), *cert. den.*, —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992).

If it were undisputed that defendant was an employee of HSM, summary judgment would be required as a matter of law. However, when reviewing the facts in the light most favorable to plaintiff, this Court can, and more importantly, a reasonable jury could, infer that Kehr was an independent contractor.

The Massachusetts courts have developed a standard for distinguishing between an employee and an independent contractor.

"The essence of the distinction is the right of control. If the person doing the work is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it, and is not subject to direction and control as to every detail of the work, he is an independent contractor. On the other hand, if at every moment, with respect to every detail, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed ... or a right to designate the work to be done under the contract ... then he is a servant or employee."

*McDermott's Case*, 283 Mass. 74, 76, 186 N.E. 231, 232–33 (1933); *See also, Comey v. Hill*, 387 Mass. 11, 13–15, 438 N.E.2d 811, 813–14 (1982); *Brigham's Case*, 348 Mass. 140, 202 N.E.2d 597 (1964); *Hartman's Case*, 336 Mass. 508, 510, 146 N.E.2d 509, 511 (1957), and cases cited therein.

■ Applying the facts to that standard, this Court is unable conclusively to find that Kehr was an employee of HSM. Indeed, it may infer that Kehr was, instead, an independent contractor hired for this project. The record is insufficient to settle the dispute at this point. To prove that he was an employee of HSM, defendant Kehr provided copies of his 1989 W–2 Form and pay-roll stubs, for the time period during which plaintiff's accident occurred. Kehr confirmed his status as an employee of HSM in his affidavit in support of the motion to dismiss filed by a former co-defendant, Capitol Sales Company, Inc. ("Capitol"). In addition, the President of Capitol stated in his affidavit that Kehr has never been employed by Capitol, as plaintiff believed at the time of the accident.

■ In opposition to defendant's assertion, plaintiff contends that defendant's reliance on the fact that he was paid by HSM, as evidenced by the W–2 Form and pay stubs, is insufficient. We agree. Under Massachusetts law, the method of payment is not controlling on the issue of employment status, although it may be considered. *McDermott's Case*, 283 Mass. at 74, 186 N.E. at 232. Moreover, many facts revealed during the November 30, 1992 deposition of Robert D'Angelo, HSM's project manager, cast

doubt on defendant's assertion that he was an employee of HSM within the meaning of the Worker's Compensation Act. While we do not recapitulate all of these facts, we will highlight several examples.

Mr. D'Angelo stated that he contacted Kehr at the recommendation of Capitol, the supplier of the windows, to supervise the installation of the windows (*See* D'Angelo Deposition, p. 28). Kehr and his associate, Barozda, were from Maryland, while all other workers were from a local Massachusetts union or Rhode Island (*Id.* at 24). Kehr and Barozda were the only carpenters hired to perform one specific function (*Id.* at 106). They came to work in a truck marked "Bruce Kehr Contractors", and Kehr provided his own tools and equipment for the window installation crew, rather than using the tools provided to all other workers by HSM (*Id.* at 53–59). Finally, neither Kehr nor Barozda were disciplined as other workers, they came and went on their own schedule (*Id.* at 54–55), and they were not given work instructions, other than installation timing which was set by contract (*Id.* at 69, 104–105).

Although Kehr's employment status may be ambiguous, the law is clear: summary judgment can be granted only if there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). To defeat the motion for summary judgment, plaintiff need not prove that the inference defendant draws from the facts is incorrect. Rather, it is sufficient for plaintiff to show that the contrary inference "might be permissible". *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Cole v. Chevron Chemical Company, Oronite Division*, 427 F.2d 390, 393 (5th Cir.1970) (Even when the facts are undisputed, summary judgment may be denied when the material factual inferences that may properly be drawn from those facts are disputed.) A genuine issue as to the material fact of defendant's employment status thus exists, and summary judgment is inappropriate.

## ORDER

For the foregoing reasons, this Court finds that there is a genuine issue as to whether defendant, Bruce Kehr, was an employee or an independent contractor of HSM, and accordingly, the motion of defendant for summary judgment is **DENIED.**

So Ordered.